**Cezar G. AZURIN, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–1076.**

United States Court of Veterans Appeals.

Submitted Feb. 25, 1992.

Decided June 19, 1992.

Cezar G. Azurin, pro se.

Robert E. Coy, Acting Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Michael A. Leonard, Washington, D.C., were on the pleadings for appellee.

Before MANKIN, HOLDAWAY, and IVERS, Associate Judges.

MANKIN, Associate Judge:

Appellant seeks reversal of a June 15, 1990, decision of the Board of Veterans' Appeals (BVA) which denied appellant en-

titlement to non-service-connected pension benefits. On December 12, 1991, the Court denied the Secretary of Veterans Affairs (Secretary) motion for summary affirmance and to stay further proceedings, but accepted the motion in lieu of a brief. The Court has jurisdiction of the case under 38 U.S.C. § 7252(a) (formerly § 4052(a)).

## I. BACKGROUND

Official records from the Philippines indicate that Azurin was a reservist inducted into the United States Armed Forces in the Far East (USAFFE) on August 28, 1941. He then was sent to the Philippine Flying Cadet School, served with the U.S. Marine Corps (USMC), was captured as a prisoner of war (POW), escaped, and then fought with the guerrillas. R. at 1–7. A United States record shows that he was a member of the Philippine Commonwealth Army when released from the service of the armed forces of the United States on June 30, 1946. R. at 10.

In correspondence dated, October 16, 1986, appellant referred to a letter of September 18, 1986 (not in the record), from the Veterans' Administration (now Department of Veterans Affairs) (VA) and made several corrections to this letter regarding his induction into the U.S. Army on October 28, 1941, and the misrepresentation that he only had service with the Philippine Air Corps from November 22, 1943, to March 17, 1945. R. at 12. There is certification by the Government of the Philippines that he "entered the service on 28 Aug 41.... Inducted into the USAFFE as Flying Cadet, PAAC on 2 Oct 41 ..." R. at 13. (This document does not say what branch of the service he entered in August 1941.) Appellant provided a resume of his service as a USAFFE veteran to the VA. R. at 14. Apparently, most of his records were destroyed in the infamous St. Louis fire. R. at 16. A VA computer sheet only refers to his service with the Philippine Army Air Corps from September 1, 1941, to June 30, 1946. R. at 17.

A rating decision of January 25, 1988, granted service connection for post-traumatic stress disorder rated as 10% disabling and hookworm infestation rated as 0% disabling effective August 29, 1986. R. at 18. This rating decision indicates that there was an examination conducted on July 28, 1987, but no such examination is found in the record. Perhaps, a special POW examination was performed. R. at 19.

On May 26, 1988, the VA Regional Office (VARO) in Newark, New Jersey, received his request for Compensation and Pension after the veteran moved to the United States (awaiting U.S. citizenship). It should be noted appellant is receiving a pension from the Philippine Army. R. at 20–23. In his statement in support of his claim (VA form 21–4138), the veteran stated: 1) that he was living in New Jersey and felt that the amount of his service-connected compensation was insufficient because it was being paid in pesos instead of dollars; 2) that he was inducted into the U.S. Army on August 28, 1941, and should be getting a pension; and 3) that he requested both a pension and specific disability compensation. R. at 24. Apparently, the VARO denied the veteran pension benefits (missing from the record, but mentioned in the Statement of the Case, R. at 33), because a letter from appellant dated January 24, 1989, explained the history of his service and requested that the VA find his records to prove his U.S. Army participation. He gave specific names of the U.S. Army officers who inducted him into the USAFFE. R. at 25–26. Apparently in connection with his application for citizenship, a certification of his military record was requested. R. 27. This VA document dated May 8, 1989, but not certified until September 22, 1989, states that the records of the VA show that the veteran served in the U.S. Army from September 1, 1941, to June 30, 1946. R. at 28.

On July 21, 1989, an adjudication officer explained that the veteran was ineligible for a non-service-connected disability pension because he served in the Philippine Commonwealth Army. R. at 29. Appellant filed his Notice of Disagreement on July 31, 1989, specifically noting the VA document, which revealed that he had rec-

ognized service in the U.S. Army, and apparently requesting a personal hearing (The record does not indicate whether this hearing was ever held). R. at 30. The Statement of the Case only noted that his request was for a non-service-connected disability pension. R. at 31–35. It stated that VA form 21–4138, received on June 7, 1988, only requested a claim for a disability pension. R. at 33. The veteran's other claims were never adjudicated. A "buddy statement" was also submitted. R. at 36. In his appeal to the BVA, appellant stated that the Statement of the Case was inaccurate with respect to his service, R. at 38, and he submitted another statement with exact dates, names, and places, in an attempt to prove his service history. R. at 39–41. The BVA concluded that appellant did not meet the service requirements for a non-service-connected pension. *Cezar G. Azurin*, BVA 90–19983, at 4 (June 15, 1990).

## II. ANALYSIS

### A.

■ Under 38 U.S.C. § 107(a) (formerly also § 107(a)), certain service before July 1, 1946, in the organized military forces of the Government of the Commonwealth of the Philippines while such forces were in the service of the United States Armed Forces, is not deemed to be active military, naval, or air service for the purposes of awarding non-service-connected benefits, such as non-service-connected pensions. This law has been held not to violate the United States Constitution. *Quiban v. Veterans Admin.*, 928 F.2d 1154, 1158 (D.C.Cir.1991), *reh'g denied* (July 18, 1991); *Dela Pena v. Derwinski*, 2 Vet.App. 80, 81 (1992) (embracing the holding of *Quiban*).

Section 107(a) of title 38, United States Code states:

§ 107. **Certain service deemed not to be active service**

(a) Service before July 1, 1946, in the organized military forces of the Government of the Commonwealth of the Philippines, while such forces were in the service of the Armed Forces of the United States pursuant to the military order of the President dated July 26, 1941, including among such military forces organized guerrilla forces ... shall not be deemed to have been active military, naval, or air service for the purposes of any law of the United States conferring rights, privileges, or benefits upon any person by reason of the service of such person or the service of any other person in the Armed Forces ....

38 U.S.C. § 107(a) (1991). Appellant has recognized military service in the Philippine Commonwealth Army, in the service of the Armed Forces of the United States, from either August 28, 1941, or September 1, 1941, to June 30, 1946. The veteran was in the Philippine reserves and was called into the United States armed services pursuant to the Call of the President of the United States dated July 26, 1941. R. at 2, 3, 6, 10, 28.

While there is some confusion as to exact date of the veteran's induction into the USAFFE, there is likewise some question as to whether the veteran was actually inducted into the U.S. Army. On several occasions, appellant provided the VA with specific names of persons and units of service, dates, and places to verify his service in the U.S. Army, and even requested that the VA substantiate this information. R. at 1–7, 14, 25–26. Also, a VA document sent to the veteran states that he had service in the U.S. Army, and notes a service serial number. R. at 28.

The veteran did submit a well-grounded claim, "one which is meritorious on its own or capable of substantiation," thus the Secretary was required to "assist such a claimant in developing the facts pertinent to the claim." 38 U.S.C. § 5107(a) (formerly § 3007(a)); 38 C.F.R. § 3.103(a) (1991); *Godwin v. Derwinski*, 1 Vet.App. 419, 425 (1991); *Moore v. Derwinski*, 1 Vet.App. 401, 405 (1991); *Murphy v. Derwinski*, 1 Vet.App. 78, 80–81 (1990). The VA violated its duty to assist the veteran by not making the proper inquiry to certify or deny appellant's claim of service in the U.S. Army, especially in light of his specific request for such substantiation. *White v.*

*Derwinski,* 1 Vet.App. 519 (1991). It is not the responsibility of this Court to do an independent search to verify specific facts and policies of the Armed Forces of the United States at the time pertinent to appellant's claim. There is an appropriate procedure available in governmental channels to corroborate or refute such claims. 38 U.S.C. § 5106 (formerly § 3006). Thus, the BVA decision denying that the veteran had eligible active service must be vacated and the veteran's claim remanded for further proceedings to comply with the duty to assist, to provide adequate reasons or bases under 38 U.S.C. § 7104(d)(1) (formerly § 4004(d)(1)) for such resolution of appellant's claim, and for application of the benefit of the doubt doctrine of 38 U.S.C. § 5107(b) (formerly § 3007(b)). *See Gilbert v. Derwinski,* 1 Vet.App. 49 (1990).

### B.

 When the veteran applied for compensation or pension, he specifically stated the following: 1) that he was living in New Jersey and felt that the amount of his service-connected compensation was insufficient because it was being paid in pesos instead of dollars; 2) that he was inducted into the U.S. Army on August 28, 1941, and should be getting a pension; and 3) that he requested both a pension or disability compensation, whichever was to his advantage. R. at 24. With the exception of eligibility to pension benefits, nothing in the record on appeal indicates that these issues were ever considered by the VARO or the BVA. The BVA "must review all issues which are reasonably raised from a liberal reading of the appellant's substantive appeal." *Mingo v. Derwinski,* 2 Vet.App. 51, 54 (1992) (citing to *Myers v. Derwinski,* 1 Vet.App. 127, 129 (1991)). The VA's statutory "duty to assist" the veteran under 38 U.S.C. § 5107(a) to develop the facts pertinent to his claim, must extend the liberal reading given to a veteran's substantive appeal "to include issues raised in all documents or oral testimony submitted prior to the BVA decision." *EF v. Derwinski,* 1 Vet.App. 324, 326 (1991). The Court also notes that the record on appeal does not indicate whether the hearing requested by the veteran to be held at the VARO in Newark, New Jersey, was ever conducted by the VA, or whether the veteran was ever afforded a medical examination pursuant to the special POW protocol. Appellant's claim must be remanded for these issues to be addressed by the BVA or remanded to the VARO for further development for the VA to fulfill its duty to assist.

After consideration of appellant's informal brief, the Secretary's motion for summary affirmance, and a review of the record, it is the holding of the Court that appellant has not demonstrated that the BVA committed factual error which would warrant reversal, but there are many issues raised by appellant not addressed by the BVA which warrant remand.

### III. CONCLUSION

Upon consideration of the foregoing, the BVA decision is VACATED, and appellant's claim is REMANDED for further proceedings and development consistent with this Court's opinion.

*It is so Ordered.*