**Felicitas A. MATA, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 90–1309.**

United States Court of Veterans Appeals.

Feb. 23, 1993.

As Amended March 19, 1993.

Before KRAMER, HOLDAWAY and STEINBERG, Associate Judges.

## ORDER

PER CURIAM.

In a December 28, 1992, decision, 3 Vet. App. 558, the Court remanded this case to the Board of Veterans' Appeals (BVA or Board) to consider the issue of "clear and unmistakable error" (CUE) which the Court held that appellant, wife of the deceased veteran, had raised before the BVA but which it had failed to address in its October 17, 1990, decision denying appellant's claim for recognition of Irwin and Allan as the veteran's adopted children for Department of Veterans Affairs (VA) purposes.

On January 7, 1993, the Acting Secretary of Veterans Affairs (Acting Secretary) filed a motion for reconsideration or review of the Court's order. In his motion, the Acting Secretary argues that, according to what he characterized as "VA's longstanding interpretation of the regulation", 38 C.F.R. § 3.105(a) (1992) provides for correcting error in unappealed decisions of agencies of original jurisdiction (AOJ) only and does not apply to correcting error in BVA decisions. Accordingly, the Acting Secretary argues that the BVA's failure to address the CUE issue was, at most, harmless error. He further argues that the Court erred by concluding that appellant's references to "error" had properly raised the CUE issue before the Board.

The first sentence of 38 C.F.R. § 3.105 (1992) states:

The provisions of this section apply except where an award was based on an act of commission or omission by the payee, or with his or her knowledge (§ 3.500(b)); there is a change in law or a

[VA] issue, or a change in interpretation of law or a [VA] issue (§ 3.114); or the evidence establishes that service connection was clearly illegal.

Paragraph (a) of the regulation then provides:

> (a) *Error.* Previous *determinations* on which an action was predicated, including decisions of service connection, degree of disability, age, marriage, relationship, service, dependency, line of duty, and other issues, will be accepted as correct in the absence of [CUE]. Where evidence establishes such error, the *prior decision* will be reversed or amended. For the purpose of authorizing benefits, the rating or *other adjudicative decision* which constitutes a reversal of a *prior decision* on the grounds of [CUE] has the same effect as if the *corrected decision* had been made on the date of the *reversed decision.* Except as provided in paragraphs (d) and (e) of this section, where an award is reduced or discontinued because of administrative error or error in judgment, the provisions of § 3.500(b)(2) will apply.

38 C.F.R. § 3.105(a) (1992) (emphasis added).

"In determining whether to accept or reject the VA's interpretation of [a regulation], the Court first must examine the language of the relevant [regulation] and determine whether the ... language is plain and the meaning clear, leaving neither room for construction, nor need for interpretation." *Combee v. Principi,* 4 Vet.App. 78, 90 (1993) (*citing Gardner v. Derwinski,* 1 Vet.App. 584, 587–88 (1991)). Because the language of regulation section 3.105 "is plain and the meaning is clear", *Combee, supra,* the Acting Secretary's argument that the Court's decision is not consistent with the VA's interpretation of that regulation is unavailing. Nor, the Court notes, has the Acting Secretary, in his 17–page January 7 motion, cited any basis for characterizing the asserted VA interpretation as "longstanding".

Accordingly, the Court holds that section 3.105 does not distinguish between error in AOJ adjudications and error in BVA decisions. This Court so concluded in its unanimous en banc decision in *Russell v. Principi,* 3 Vet.App. 310, 313–14 (1992) ("claim[ ] finally determined by the Board ... which is reversed or amended due to a '[CUE]' ... is being revised to conform to the 'true' state of the facts or the law that existed at the time of the original [BVA] adjudication"; "determination that there was a '[CUE]' must be based on the record and the law that existed at the time of the prior AOJ *or* BVA decision" (emphasis added)).

Additionally, the Court reconfirms its decision in its December 28, 1992, order, after having considered the Acting Secretary's argument to the contrary, that appellant's references to error in the BVA decision (R. at 61, 66) sufficiently raised a CUE claim. *See Chisem v. Principi,* 4 Vet.App. 169, 177 (1993) (requirement of liberal reading of all documents submitted prior to BVA decision extends to determining whether CUE claim was raised to BVA (citing *Azurin v. Derwinski,* 2 Vet.App. 489 (1992) (BVA must review all issues which are reasonably raised from a liberal reading of appellant's substantive appeal), and, where appellant raises CUE before BVA, BVA must review the issue).

Upon consideration of the foregoing, it is

ORDERED that the Acting Secretary's motion for reconsideration is denied.

Judge Holdaway adheres to his view, previously expressed in his dissenting statement accompanying the Court's December 28, 1992, order, that the appellant failed to properly raise the issue of clear and unmistakable error. He concurs in all other respects with the order denying reconsideration.