**Larry K. GIFFORD, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 93–246.**

United States Court of Veterans Appeals.

March 1, 1994.

Ronald L. Smith, Washington, DC, was on the brief, for appellant.

Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Stephen A. Bergquist, Washington, DC, were on the brief, for appellee.

Before NEBEKER, Chief Judge, and KRAMER and HOLDAWAY, Judges.

HOLDAWAY, Judge:

Appellant, Larry K. Gifford, appeals a July 24, 1992, decision of the Board of Veterans' Appeals (BVA or Board) which denied restoration of service connection for residuals of a gunshot wound to the right thigh. The Court will remand appellant's claim for entitlement to an increased disability rating based on "clear and unmistakable error" for adjudication by the BVA. The Court will affirm the Board's denial of restoration of service connection for residuals of a gunshot wound to the right thigh.

## I. BACKGROUND

Appellant had active service from June 1968 to September 1970. On March 2, 1970, appellant sustained a through-and-through gunshot wound in the left thigh during combat in the Republic of Vietnam. Clinical records, dated March 3, 1970, from the Naval Hospital in Da Nang, Vietnam, indicate appellant was diagnosed with a gunshot wound of his right thigh. However, all subsequent service medical records describe treatment for a gunshot wound of the left thigh. On October 18, 1970, appellant applied for service connection for residuals of a gunshot wound of his left thigh. On December 1, 1970, appellant received a special VA ortho-

pedic examination, which found residuals of a gunshot wound of the left thigh. On December 29, 1970, the VA Regional Office (RO) granted appellant a 10% disability rating for service-connected residuals of a gunshot wound of the right thigh. This rating was confirmed on January 18, 1973.

In February 1991, appellant claimed "clear and unmistakable error" in the December 1970 rating decision because the VA failed to grant service connection for residuals of a gunshot wound to his left thigh. Appellant also claimed "clear and unmistakable error" in the December 1970 rating decision because the wound to his leg was through-and-through, and was required to have been rated as "moderately severe" and not merely "moderate." On March 29, 1991, the VA Office of General Counsel issued an opinion, Prec.Op.G.C. 50–91, which held that 38 U.S.C. § 1159 did not prohibit the VA from redesignating an existing service-connected disability rating to reflect accurately the actual situs of an injury or disability, provided the redesignation does not result in a severance of service connection for the disability. On June 9, 1991, the VARO denied appellant's claim of "clear and unmistakable error," and corrected the December 1970 rating decision to reflect service connection for residuals of a gunshot wound to appellant's left thigh, retroactive to September 30, 1970.

Appellant appealed this decision to the Board, and a Notice of Disagreement was filed on July 3, 1991. Appellant contended that his 10% disability rating for residuals of a gunshot wound to the right thigh was protected, and that he was entitled to additional service connection for residuals of a gunshot wound to the left thigh, where the injury actually occurred. Appellant also repeated his claim of entitlement to an increased disability rating based on "clear and unmistakable error" in the original rating decision. On July 24, 1992, the Board determined that appellant had sustained a gunshot wound to his left thigh, and a 10% disability rating for residuals of a gunshot wound to his right thigh had been in effect for more than twenty years. The Board applied the General Counsel's holding in Prec.Op.G.C. 50–91 to the facts of this case, and concluded:

[T]he previously characterized gunshot wound of the right thigh, which was rated as 10 percent disabling, was simply corrected to reflect the actual site of injury, which was to the left thigh. The appellant remains service connected for a gunshot wound of the thigh (albeit now the left thigh), and the 10 percent rating was preserved.

With respect to the argument that proper correction to reflect the actual site of disability would require that the VA maintain service connection for the gunshot wound of the right thigh, rated as 10 percent disabling, and also establish service connection for the gunshot wound of the left thigh, rated at 10 percent disabling, this argument is specifically addressed in O.G.C. 50–91. In that Opinion, it was stated that there was nothing in the legislative history which would suggest that Congress intended the VA to interpret 38 U.S.C. [§] 1159 in the manner which would cause the VA to maintain two service-connected ratings for one disability. To do otherwise, again according to O.G.C. 50–91, would result in the appellant being service connected for two disabilities (the actual site and the protected site) when only one was shown by the medical evidence of record. Such a result was considered to be beyond the legislative purpose of 38 U.S.C. [§] 1159.

*Larry K. Gifford,* BVA 92–17683, at 5 (July 24, 1992). The BVA did not reach the issue of an increased disability rating based on "clear and unmistakable error."

## II.  ANALYSIS

### A.  Clear and Unmistakable Error

Appellant specifically claimed that the VA committed "clear and unmistakable error" by failing to rate the through-and-through gunshot wound to his leg 30% disabling. That being so, the Board was obligated to determine whether or not the VARO committed "clear and unmistakable error" in the December 1970 rating decision. *Russell v. Principi,* 3 Vet.App. 310, 319 (1992) (en banc); *cf. Mingo v. Derwinski,* 2 Vet.App. 51, 54 (1992) (The BVA "must review all issues which are reasonably raised from a liberal

reading of the appellant's substantive appeal."); *see also Azurin v. Derwinski*, 2 Vet. App. 489, 492 (1992); *Myers v. Derwinski*, 1 Vet.App. 127, 129 (1991). Both parties request that the Court remand this claim to the BVA for adjudication. The Court will remand appellant's appeal with respect to this claim.

### B. 38 U.S.C. § 1159

Appellant contends that the Board severed service connection for residuals of a gunshot wound to his right thigh when it corrected the December 1970 rating decision to reflect the actual situs of his injury. Pursuant to 38 U.S.C. § 1159, service connection, once established and in effect for more than ten years, can be severed only under limited circumstances:

> Service connection for any disability or death granted under this title which has been in force for ten or more years shall not be severed on or after January 1, 1962, except upon a showing that the original grant of service connection was based on fraud or it is clearly shown from military records that the person concerned did not have the requisite service or character of discharge. The mentioned period shall be computed from the date determined by the Secretary as the date on which the status commenced for rating purposes.

Both parties agree that fraud is not involved in this case, and that appellant had the requisite service and character of discharge. Both parties also apparently agree, or concede, that appellant suffered no wound to his right thigh and does not, as a matter of fact, have a disability stemming from any injury to his right thigh. The only issue before the Court is whether the Board's correction of the December 1970 rating decision was prohibited by 38 U.S.C. § 1159. The Court holds it was not. There is nothing in the language of 38 U.S.C. § 1159 which would prohibit a modification of a service-connected compensation award.

Appellant concedes, apparently, that he received an injury to only one of his thighs. The thigh which was injured was incorrectly shown on the initial rating. However, whether the thigh was the right or left is completely immaterial to both service connection and degree of disability. The only essential feature of the initial rating, and the part of the rating that was protected, was a disability stemming from a gunshot wound to a thigh. The description of the particular thigh which was injured was, in short, mere surplusage to the rating decision. Had the rating merely shown a thigh injury, without specifying which thigh, it would have made no difference to the efficacy of the adjudication. The correction of this rating to reflect accurately the thigh which was injured did not result in a new rating or the severance of the old rating. It was a simple, nonsubstantive administrative correction showing the injury causing disability was to a different part of the body than that reflected in the initial rating. The correction did not involve a change in the diagnostic code, the fact of service connection, nor the degree of disability. Under these circumstances, this correction was of no more significance than, for example, the correction of the spelling of the appellant's name or correction of his social security number.

As a final note, the Court questions whether appellant has standing to appeal this particular issue. "As [the Fifth Circuit] has recognized, an 'aggrieved party' has standing to challenge administrative action only if the party has suffered 'injury in fact' to an interest 'arguably within the zone of interests' protected by the underlying statute." *Panhandle Producers & Royalty Owners Ass'n v. Economic Regulatory Admin.*, 847 F.2d 1168, 1173 (5th Cir.1988). The interest protected by 38 U.S.C. § 1159 is the maintenance of service connection for a disability, once effected, for ten or more years. The Board merely corrected the situs of the service-connected injury. Appellant is still service connected for residuals of a gunshot wound to the thigh, and has not shown any injury to an interest which 38 U.S.C. § 1159 was designed to protect.

Appellant's claim for an increased disability rating based on "clear and unmistakable error" is REMANDED for adjudication consistent with this opinion. The July 24, 1992, decision of the BVA denying restoration of

service connection for residuals of a gunshot wound to the right thigh is AFFIRMED.

KRAMER, Judge, concurring in the result:

I agree that appellant is entitled to only one rating for a gunshot wound to the thigh, but I disagree that the "shifting" of the rating from the right thigh to the left thigh was merely an "administrative correction" as opposed to an improper severance under applicable statutes.

Section 110 of 38 U.S.C. provides that a disability which has continuously been rated at or above any evaluation for twenty or more years *"shall not thereafter be rated at less than such evaluation,* except upon a showing of fraud." Section 1159 of 38 U.S.C. provides that service connection for any disability that has been in force for ten or more years

> *shall not be severed* ... except upon a showing that the original grant of service connection was based upon fraud or it is clearly shown from military records that the person concerned did not have the requisite service or character of discharge.

Appellant's service connection for a gunshot wound to the right thigh had been in force for more than twenty years at the time the rating was "transferred" to the left thigh, and there is no evidence or allegations in this case of fraud or that appellant did not have the requisite service or character of discharge. As there is no exception under either 38 U.S.C. § 110 or § 1159 for "administrative error," service connection for the right thigh was, therefore, improperly severed, and appellant is entitled to service connection for gunshot wounds to both thighs.

However, a conclusion that appellant is entitled to be service connected for both thighs does not mean that he is entitled to a rating above 10%. Appellant has only a single disability to the left thigh, even though he has been improperly, but non-severably, service connected and rated for the right thigh. As a consequence, under the principles enunciated in *Brady v. Brown*, 4 Vet.App. 203 (1993), and *Esteban v. Brown*, 6 Vet.App. 259, 261 (1994), appellant cannot be awarded a separate rating for his left thigh because to do so would award him duplicate ratings for the "same symptomatology" (residuals of a gunshot wound to the left thigh) and thereby violate the prohibition against pyramiding. *See* 38 C.F.R. § 4.14 (1993). Unlike severance, limiting appellant here to a single 10% disability where he is service connected for both thighs is not precluded by our statutes, and is supported by case law and regulation.