Felicitas A. MATA, Appellant,

v.

Anthony J. PRINCIPI, Acting Secretary
of Veterans Affairs, Appellee.

No. 90–1309.

United States Court of Veterans Appeals.

Dec. 28, 1992.

Before KRAMER, HOLDAWAY, and
STEINBERG, Associate Judges.

ORDER

PER CURIAM.

Appellant, Felicitas A. Mata, wife of the
deceased veteran, appeals an October 17,
1990, decision of the Board of Veterans'
Appeals (BVA or Board) denying recogni-
tion of Irwin and Allan as the veteran's
adopted children for Department of Veter-
ans Affairs (VA) purposes. *Felicitas A.
Mata in the Case of Guillermo Mata*,
BVA 90–—— (Oct. 17, 1990). The Court
has jurisdiction over the case under 38
U.S.C. § 7252(a) (formerly § 4052(a)).

The Court has reviewed the pleadings of
the parties and the record on appeal and
notes the following. In a letter dated April
12, 1989, from appellant to the Chairman of
the BVA, appellant requested reconsidera-
tion of a 1989 BVA decision on the basis
that all the requirements for adoption were
met and that the Philippine court rendering
the adoption decree had jurisdiction to do
so. R. at 61. In the response dated June
5, 1989, from the Chairman to appellant,
the Chairman stated that not all of the
legal requirements for adoption had been
met. R. at 62. In a response dated July 5,
1989, to the Chairman, appellant again as-
serted that the Philippine court had juris-
diction to render a decree and that the
adoption was valid under both Philippine
and United States law. R. at 63. The
Chairman's response dated September 18,
1989, did not dispute the adoption's validity
under Philippine law, but stated that it was
not recognized for VA purposes. The
Chairman also stated that appellant could
reopen her claim by submitting new and
material evidence to the Regional Office
(RO). R. at 64–65. On October 17, 1989,
appellant filed a letter with the Manila RO
attaching a copy of her July 5, 1989, letter
to the Chairman of the BVA and alleging
error in the 1989 BVA decision with respect
to the decision's conclusions regarding the
local court's jurisdiction to render, and the
validity of, the adoption decree. R. at 66.
The letter asked that the RO again address
those issues or, alternatively, that the case
be reopened for new and material evidence.

The Court concludes that the issue of
clear and unmistakable error was properly
before the BVA when it rendered its deci-
sion in the case presently on appeal. Be-
cause the BVA failed to address this issue,
the case must be remanded to the BVA.
*See Russell v. Principi*, 3 Vet.App. 310,
313, (1992) (en banc) (claimant may not
raise issue of clear and unmistakable error
for the first time before the Court); *Chi-
sem v. Principi*, 3 Vet.App. 322, 329, (1992)
(where appellant raises the issue of clear
and unmistakable error before the BVA,
the BVA must review the issue, and re-
quirement of liberal reading of all docu-
ments submitted prior to BVA decision ex-

tends to determining whether claim of clear and unmistakable error was raised to BVA) (citing *Azurin v. Derwinski*, 2 Vet.App. 489 (1992) (BVA must review all issues which are reasonably raised from a liberal reading of appellant's substantive appeal)).

On consideration of the foregoing, it is

ORDERED that the BVA decision is vacated and the matter is remanded to the Board for adjudication of appellant's claim that clear and unmistakable error was committed in the BVA's March 20, 1989, decision. In reaching its decision, the Board shall:

(1) Address whether the BVA found, or now finds, fraud in the procurement of the adoption, and, if so, provide reasons or bases, under 38 U.S.C. § 7104(d)(1) (formerly § 4004(d)(1)), in support of any such finding.

(2) Attach to its decision copies of all applicable Philippine law at the time of the adoption and address whether the judge in question had the authority to waive any applicable requirement of the law (including any requirement for a case study report by the Department of Social Welfare, written consent from natural children, and a trial custody period) and, if so, under what circumstances.

(3) Provide an adequate statement of reasons or bases for the Board's finding as to whether the natural children of appellant had provided such written consent, taking into consideration the testimony of both the deceased veteran and his counsel before the Philippine court that the counsel had submitted to the Ministry of Social Services and Development written consent documents from all of the natural children (R. at 38–39).

(4) Address how the provisions of 38 U.S.C. § 101(4)(B), establishing standards for determining whether, for purpose of VA benefits, a person has been "legally adopted" under the laws of a foreign jurisdiction, can be reconciled with the position of VA expressed in Op.Gen. Counsel 21–79 (Mar. 30, 1979) that VA has authority to look behind the face of a foreign adoption to ensure that "all of the prerequisites to a foreign adoption have ... been satisfied",

*id.* at 2, beyond questions of fraud or lack of jurisdiction of the court entering the decree, including a full discussion of the appropriate legislative history in connection with the applicable law. It is further

ORDERED that the Court retains jurisdiction because appellant's claim for reopening based on new and material evidence has not been addressed by this Court. *See Russell*, 3 Vet.App. at 320. The Secretary of Veterans Affairs shall file with the Clerk (as well as serve upon appellant) a copy of any Board decision on remand. Within 50 days after any such final decision, appellant shall notify the Clerk whether she desires to seek further review by the Court.

HOLDAWAY, Associate Judge, dissenting:

I dissent. It is only by considerable straining and stretching that my colleagues are able to "read in" a claim by appellant of *clear and unmistakable error* in previous adjudications. I would find that when appellant attempted to reopen with new and material evidence she produced none. I would therefore affirm the case but without prejudice to appellant to reopen *properly* on the basis of clear and unmistakable error. She can do so simply by alleging what the error was and why it was both clear and unmistakable *at the time it was made and in light of the facts and the law extant at that time.* I also express concern about the detailed instructions to the BVA that tell it, in effect, how to factually adjudicate the case. In doing so my colleagues tend to dilute the authority that Congress gave the BVA, and withheld from this Court, the role of a primary finder of fact.