**Vernon E. POLLARD, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 92–584.

United States Court of Veterans Appeals.

Sept. 15, 1993.

Gregory A. Morton, Greenville, SC, was on the pleadings, for appellant.

Mary Lou Keener, General Counsel, Norman G. Cooper, Asst. General Counsel, Andrew J. Mullen, Deputy Asst. General Coun-

sel, and Adam K. Llewellyn, Washington, DC, were on the pleadings, for appellee.

Before KRAMER, HOLDAWAY and IVERS, Judges.

KRAMER, Judge:

Appellant, Vernon E. Pollard, appeals a March 27, 1992, decision of the Board of Veterans' Appeals (BVA) which determined that new and material evidence had not been submitted to reopen appellant's claims of entitlement to service connection for residuals of frostbite and for arthritis of multiple joints. Appellant served on active duty from July 1950 to July 1953. R. at 13. On June 2, 1951, appellant was wounded in the left buttock and thigh during combat in Korea. R. at 190. He is service-connected for the gunshot wound, presently rated 10% disabling, and is also service-connected for post-traumatic stress disorder (PTSD), presently rated 30% disabling. R. at 354. The Secretary of Veterans Affairs (Secretary) has filed a motion for summary affirmance. The Court has jurisdiction under 38 U.S.C.A. § 7252(a) (West 1991).

■ Under 38 U.S.C.A. § 7104(b) (West 1991), a final decision on a given claim "may not thereafter be reopened and allowed and a claim based upon the same factual basis may not be considered." The exception to this rule is 38 U.S.C.A. § 5108 (West 1991) which states that "[i]f new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim." See Thompson v. Derwinski, 1 Vet.App. 251, 253 (1991). New evidence is evidence which is "not ... merely cumulative of other evidence on the record." Colvin v. Derwinski, 1 Vet.App. 171, 174 (1991). Material evidence is evidence which "is relevant and probative of the issue at hand," and which raises a "reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome." Id.; see 38 C.F.R. § 3.156 (1991).

■ The Court affirms the BVA's determination that appellant has not submitted new and material evidence to reopen his claims.

See Masors v. Derwinski, 2 Vet.App. 181, 185 (1992). Specifically, appellant submitted the following evidence: 1) a statement in support of his claim in which he attributes his present problems to the trauma he experienced in Korea (R. at 328); 2) a lay statement of John Tarpley which describes the severe weather conditions in Korea (R. at 330); 3) Department of Veterans Affairs (VA) clinical records from 1986 to 1989 indicating residuals of frostbite and arthritis (R. at 340, 343–44); 4) July 1990 x-ray reports showing hands normal (R. at 364), minor degenerative spurring of the thoracic spine (R. at 365), degenerative osteoarthritic changes in the lower cervical spine (R. at 366), anterior degenerative spurring throughout the lumbosacral spine (R. at 367), shoulder normal (R. at 368), feet normal (R. at 369), knees normal (R. at 370), and small spurring along the acetabular roots bilaterally (R. at 371); and 5) testimony of the appellant at a November 13, 1991, hearing before the BVA that he has had joint problems since service, that he is suffering from the residuals of having been frozen while in Korea, and that currently he is bothered by stiffness in his hands, lower back, shoulders, and neck (R. at 390–405).

■ Items 1, 2, and 5 are not new as they are duplicative of evidence previously of record and therefore cumulative. See, e.g., R. at 104, 194, 213, 229, 233. Even if these items are not cumulative, insofar as appellant and Mr. Tarpley attempt to diagnose frostbite or arthritis in service, such testimony is not competent for such purpose, and thus not material. See Espiritu v. Derwinski, 2 Vet. App. 492, 494–95 (1992). Although items 3 and 4 are new, they are not material since they do not show that appellant's present condition was present in service or, with respect to arthritis, within the one-year presumptive period following service. See 38 U.S.C.A. §§ 1101(3), 1112(a)(1) (West 1991); 38 C.F.R. § 3.309(a) (1992). Even assuming that item 3 is material as to appellant's frostbite claim, a July 1986 special orthopedic examination found no residuals of frostbite of the feet (R. at 277) and a January 1987 special compensation and pension examination found appellant's hands normal (R. at 290), and thus there is no reasonable possibil-

ity that this item, when viewed in the context of all the evidence, would change the outcome. See *Rabideau v. Derwinski,* 2 Vet. App. 141, 143 (1992).

Appellant has on numerous occasions raised before the VA the issue of an extra-schedular rating for individual unemployability pursuant to 38 C.F.R. § 4.16(b) (1992). R. at 199, 240–41, 246–52, 254, 269–72, 289, 329, 395, 403–04; Br. of Appellant at 27–28. The BVA should have addressed this claim. *See Myers v. Derwinski,* 1 Vet.App. 127, 129–30 (1991); *EF v. Derwinski,* 1 Vet.App. 324, 326 (1991); *Mingo v. Derwinski,* 2 Vet.App. 51, 54 (1992).

The Court notes that the record on appeal contains a diagnosis of arthritis of the hips (R. at 277, 371) and many diagnoses of psychosomatic conditions relating to the musculoskeletal system (R. at 88, 134–35, 141, 172 (psychogenic musculoskeletal reaction), 92, 95, 133 (psychogenic rheumatism), 140 (musculoskeletal somatization reaction), 173). While the Court need not determine whether the BVA should have considered appellant's attempt to reopen his claim for arthritis as tantamount to new claims for increased evaluations of appellant's service-connected gunshot wound and PTSD, and a new claim for service connection for arthritis of the hip secondary to service connection of the gunshot wound (*see id.;* 38 U.S.C.A. § 5107(a) (West 1991); 38 C.F.R. §§ 3.103(a), 3.159 (1992); *Akles v. Derwinski,* 1 Vet.App. 118, 121 (1991) (Secretary has an obligation to ensure that veteran is informed of all benefits which he may be entitled to receive); *Schoonover v. Derwinski,* 3 Vet.App. 166, 169 (1992) (while the claim was not specifically raised below, given that the record was "replete" with references to the disorder and that the disorder was related to the claim before the BVA, the BVA could consider it on remand); *see also* 38 C.F.R. § 3.310 (1992); *Proscelle v. Derwinski,* 2 Vet.App. 629, 631–32 (1992)), in light of the need to otherwise remand the matter, appellant is free to raise these claims upon remand. *See Hayes v. Brown,* 4 Vet.App. 353, 360–61 (1993) (Court declined to interpret the more expansive substantive provisions before the

agency first interpreted the more restrictive provisions).

■ Appellant's brief and reply brief both raise the issue of clear and unmistakable error (CUE). Br. of Appellant at 16–21; Reply Br. of Appellant at 5. Appellant asserts that a CUE claim was raised before the VA in that "the [S]tatement of the [C]ase provides there is not 'any evidence' to indicate the [v]eteran had arthritic problems during service.... The [v]eteran clearly responded to this assertion and claimed 'ample evidence' existed in the service medical records to show he was treated while in service for arthritis...." Reply Br. of Appellant at 5. In that appellant did not specifically aver any error in a prior final adjudication, the Court finds that this issue was not reasonably before the BVA, in accordance with the principles outlined in *Russell v. Principi,* 3 Vet.App. 310 (1992) (en banc), and *Mata v. Principi,* 3 Vet.App. 558, 558–59 (1992), when it rendered its decision which is the subject of the appeal, and, therefore, is not properly before the Court. *See also Branham v. Derwinski,* 1 Vet.App. 93, 94 (1990).

■ Appellant's brief also contends that the Secretary breached his duty to assist by refusing to obtain requested records. Br. of Appellant at 25–26; *see* 38 U.S.C.A. § 5107(a); 38 C.F.R. §§ 3.103(a), 3.159. The record on appeal reflects that on August 19, 1988, appellant requested that his "claim be reopened based on the find [sic] of hospital records recently by the [VA]" (R. at 328), to which the VA responded on October 12, 1988, that all of his records had already been obtained.

> We have all of your records from the 382nd General Hospital, from the 4th Field Hospital, from Camp Drake and from Camp Omiya Station Hospital. We also have your records from Dispensary # 8, 3rd Armor Division, Ft. Knox, Kentucky for September 1950.

R. at 339. While appellant's brief refers to "additional medical records" (Br. at 26), it fails to identify specifically what records were sought and why they are relevant. The Court has previously held that the duty to assist is not a one-way street. *See Wood v. Derwinski,* 1 Vet.App. 190, 193 (1991). Un-

der the circumstances here, the VA has adequately fulfilled its duty to assist. Upon remand, appellant is free to renew his request with sufficient specificity to identify the records sought but not yet obtained.

Upon careful consideration of the record and the pleadings of the parties, the Court grants the Secretary's motion for summary affirmance and affirms the BVA decision on appeal, but remands for proceedings consistent with this opinion.

*It is so Ordered.*