**Joseph F. FUGO, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 93–407.

United States Court of Veterans Appeals.

Feb. 3, 1994.

Before NEBEKER, Chief Judge, and KRAMER *, FARLEY, MANKIN *, HOLDAWAY *, IVERS, and STEINBERG, Judges.

## ORDER

PER CURIAM.

The en banc Court, sua sponte, withdraws its original order issued on February 2, 1994, and issues this order in its stead.

On November 16, 1993, a three-judge panel * affirmed the February 18, 1993, decision of the Board of Veterans' Appeals. 6 Vet. App. 40. On November 30, 1993, appellant, through counsel, filed a motion for reconsideration. On December 22, 1993, the three-judge panel denied appellant's motion for

reconsideration. On January 6, 1994, appellant filed a motion for review en banc. Upon consideration of the opinion of the Court and appellant's motion for review en banc, and it not appearing that review en banc is necessary either to address a question of exceptional importance or to secure or maintain uniformity of the Court's decisions, it is

ORDERED that appellant's motion for review en banc is denied.

## HOLDAWAY, Judge, concurring:

In requesting en banc review, the appellant, inter alia, argues that the "panel" erroneously relied on evidence that was not in the record. Briefly, this was a recitation in the Court's opinion of matters that the 1989 Board of Veterans' Appeals (BVA or Board) decision described as evidence it had considered. . Since appellant's argument seriously mischaracterizes the opinion of this Court, I feel it appropriate as the author of the opinion to respond.

It is clear, or should be clear, from a reading of the entire opinion that the Court did not "rely" on the BVA's summary of the evidence in any sense of the word, but was merely relying on a *description* of the evidence which the Board in 1989 said *it relied on*. Since one of the principal allegations of clear and unmistakable error (CUE) was the putative failure of the BVA to *consider* certain evidence, a mere recitation from the decision describing the evidence it considered is hardly reliance by this Court on the substance of that evidence.

In short, the only "evidence" this Court relied on was the 1989 BVA decision itself (which was in the record) *describing* the evidence it had considered. There was no weighing, evaluation, consideration, "reliance" if you will (nor could there have been, *Russell v. Principi*, 3 Vet.App. 310 (1992) (en banc)), on this "evidence" qua evidence, but merely recognition of the fact that the Board had described such evidence as *it* had considered. Of course, if appellant or his attorneys believe that the Board in the 1989 decision did not accurately describe all the evidence it says it considered or did not consider it at all, and have some evidence proving such a contention, then a proper claim of CUE may be in order.

In view of Judge Steinberg's dissenting statement, I feel compelled to also answer the appellant's argument that the opinion impermissibly creates a "two-step" pleading and is contrary to precedent of this Court. If by "two step" pleading it is meant that there is a higher threshold for raising CUE in a BVA decision *not* subject to our review than there is for raising a garden variety error in a BVA decision subject to our review then undoubtedly appellant is correct. There *is*, necessarily, a more stringent requirement. In this respect the *Fugo* case conforms entirely to past precedent and merely makes explicit what those past cases perhaps implied. Pleading and proof are two sides of the same coin. If there is a heightened proof requirement, there is, a fortiori, a heightened pleading requirement. For example, in a civil case, if one wishes to prove willful misconduct as opposed to negligence then obviously the pleading required (the allegation of facts and accompanying argument necessary to raise the issue) has a higher and more rigorous threshold. The same is true of CUE. The Secretary's own definition raises an extremely high threshold, clear and *unmistakable*, i.e., beyond any reasonable dispute. Moreover, it is a collateral attack on a final decision, thus the strong presumption of validity must be overcome. It would be strange, indeed, if there was not a more stringent requirement for the standard necessary to raise such a rare kind of error. That is all the opinion said, whatever the appellant chooses to "read into" it. The opinion is entirely consistent with past precedent.

## STEINBERG, *Judge*, dissenting:

I am in agreement with the result reached in the panel opinion in *Fugo v. Brown* because I believe that the Court's holdings, as distinguished from all its analyses, are correct as to the appealed claims contending that the 1993 BVA decision erred in failing to find that the 1989 decision of the Board of Veterans' Appeals (BVA or Board) (and its 1990 reconsideration decision) contained "clear and unmistakable error" (CUE) as to

the appellant's unemployability claims. However, I favor en banc review because I believe the panel opinion impermissibly departs from binding Court precedents, as is pointed out in the appellant's motion.

## I. The Court's Holdings

As to the holdings in the Court's November 1993 opinion, I agree that the appellant's claim for a retroactive effective date "falls short of alleging the kind of error that could be considered CUE" under 38 C.F.R. § 3.105(a) (1993) and *Russell v. Principi,* 3 Vet.App. 310 (1992) (en banc), because his attack on the 1989/1990 BVA decisions is essentially one attempting to obtain a reweighing and reevaluation of the evidence before the Board in 1989. Based solely on the Court's recounting of the evidence which the Board stated that it had considered in 1989,[1] I might well agree that the Board's 1989 decision then denying a total evaluation based on unemployability was lacking a "plausible basis" in the record and, therefore, was "clearly erroneous" under 38 U.S.C. § 7261(a)(4) (Supp. IV 1993).[2] However, mounting a collateral CUE attack on a prior final BVA (or regional office (RO)) decision on the ground that it had made a clearly erroneous factfinding or conclusion entails just the sort of "disagreement as to how the facts were weighed or evaluated" that the *Russell* opinion ruled out as a valid CUE claim. *Russell,* 3 Vet.App. at 313. Permitting a claimant to attack collaterally under the guise of CUE a prior final decision on such a basis "would be inconsistent with our statutory grant of jurisdiction [since that would allow the Court] to conduct a 'full review,' i.e., a determination of factual ... sufficiency, of previous decisions over which we neither would nor could have plenary jurisdiction because of either the [Notice of Disagreement (NOD) ] or the [Notice of Appeal] requirement" under Pub.L. No. 100–687, § 402 (1988) (found at 38 U.S.C.A. § 7251 note (West 1991)), and 38 U.S.C. § 7266(a) (Supp. IV 1993), respectively. *Russell,* 3 Vet.App. at 315.

Second, as to the appellant's putative CUE claim that the 1993 Board decision erred in not deciding whether the Board in 1989/1990 had failed to apply an applicable regulation, 38 C.F.R. § 4.16(c), I agree with the Court that this claim is not a cognizable CUE claim because the Board in 1989 had specifically found that "the objective medical evidence [did] not demonstrate that the veteran [had] symptoms so totally incapacitating as to result in an inability to obtain or retain employment." *Joseph F. Fugo,* BVA 89-___ (June 7, 1989), at 5. This is essentially the standard of unemployability that would lead to a 100% schedular rating under regulation § 4.16(c). *Compare* 38 C.F.R. § 4.16(c) (1993) ("mental disorder precludes a veteran from following a substantially gainful occupation") *with* 38 C.F.R. § 4.132, Diagnostic Code 9411 (1993) (for 100% rating, veteran must be "[d]emonstrably unable to obtain or retain employment"). Hence, the putative CUE claim based on § 4.16(c) also runs afoul of the *Russell* injunction against reweighing of the evidence of record at the time of the prior final adjudication.

Finally, I agree with the Court that the appellant's argument that critical evidence was not considered by the Board in 1989/1990 does not raise a cognizable CUE claim. Unlike in *Russell* as to Mr. Russell's CUE claim, where the validity of his assertion was evidenced on the face of the collaterally attacked 1972 RO decision, which had "denied the very existence of the evidence", *Russell,* 3 Vet.App. at 319, in the instant case, as the Court pointed out in its opinion, the BVA stated that it *had* considered the evidence which the appellant asserts it failed to consider. Again, what appellant is really challenging, and what cannot under *Russell* constitute a valid CUE claim, is the Board's evaluation of the evidence of record in 1989.

## II. Court's Analysis

However, I agree with the appellant about the serious deficiencies in the Court's statement that in order "to reasonably raise CUE ..., unless it is the kind of error, as in *Mata[ v. Principi,* 3 Vet.App. 558 (1992) (per curiam order) ], that, if true, would be CUE on its face, persuasive reasons must be given

---

1. *Ante* 6 Vet.App. at 41–43. *See also* Appellant's Mot. at 16, n. 9.

2. *See Gilbert v. Derwinski,* 1 Vet.App. 49, 53 (1990).

as to why the result would have been *manifestly* different but for the alleged error." *Ante* 6 Vet.App. at 44 (italics in original). The problem with this language is that it seems to articulate a new requirement of specific and persuasive pleading as a threshold requirement to raising a CUE claim that is not consistent with at least five of this Court's precedent decisions.[3] In those five cases, the Court clearly and explicitly applied to CUE claims the requirement, which the Court had established in its case law, as part of the Secretary's statutory duty to assist Department of Veterans Affairs (VA) claimants, that "the BVA must review all issues that are reasonably raised from a liberal reading of ... all documents or oral testimony submitted prior to the BVA decision."[4]

For example, in *McIntosh v. Brown,* after citing the Court's jurisprudence requiring a "liberal reading" of the appellant's appeal documents,[5] the Court applied that requirement to a putative CUE claim and held that such "a [CUE] claim ... was not 'reasonably raised,' even given a 'liberal reading' of the substantive appeal [document]."[6] *McIntosh,* 4 Vet.App. at 561; *accord Porter v. Brown,* 5 Vet.App. 233, 235 (1993). The Court has also applied that requirement and held that a CUE claim had been reasonably raised and that remand for BVA adjudication of the CUE claim was required.[7] In *Kinnaman v. Principi,* in fact, the Court, after ordering such a remand, went out of its way to stress "in the interest of economy, judicial and otherwise, ... that the Board *must address* in its decisions all of the issues raised, whether they are raised directly, as here, or may be construed from a liberal reading of claimants' substantive appeals." *Kinnaman,* 4 Vet. App. at 28 (italics in original). Moreover, not only has the Court repeatedly applied the "reasonably raised"/"liberal reading" requirement to CUE claims and done so in clear and unmistakable terms and with emphasis, but each Judge of this Court has joined in at least one of those five precedent decisions.

Furthermore, the Court's language here also conflicts with the Court's holding in *Russell,* itself the premier CUE case, that the two appellants there (Mr. Russell and Ms. Collins) had raised cognizable CUE claims which the BVA was required to adjudicate on remand. Under 38 U.S.C. § 5107(a) (Supp. IV 1993), a person presenting a VA claim has the "burden of submitting evidence sufficient to justify a belief by a fair and impartial individual that the claim is well grounded".[8]

As to Mr. Russell's CUE claim, the Court held that the RO had "undebatably committed error both in failing to follow an applicable regulation (38 C.F.R. § 3.303(a)) and in making a misstatement of fact about the evidence". However, in remanding for the Board to adjudicate the CUE claim which the Board had ignored, the Court clearly did not find that Mr. Russell had given "persuasive reasons ... as to why the result would have been *manifestly* different but for the alleged error". *Ante* 6 Vet.App. at 44 (italics

3. *Porter v. Brown,* 5 Vet.App. 233, 235 (1993); *McIntosh v. Brown,* 4 Vet.App. 553, 560–61 (1993); *Chisem v. Brown,* 4 Vet.App. 169, 176–77 (1993); *Kinnaman v. Principi,* 4 Vet.App. 20, 28 (1993); *Mata v. Principi,* 3 Vet.App. 558, 558–59 (1992) (per curiam order).

4. *EF v. Derwinski,* 1 Vet.App. 324, 326 (1991); 38 U.S.C. § 5107(a) (Supp. IV 1993) ("Secretary shall assist ... a claimant [who submits a well-grounded claim, *see infra* note 8] in developing the facts pertinent to the claim"); *see also Azurin v. Derwinski,* 2 Vet.App. 489 (1992); *Mingo v. Derwinski,* 2 Vet.App. 51, 54 (1992) (citing *Myers v. Derwinski,* 1 Vet.App. 127, 129 (1991)).

5. *See* cases cited *supra* note 4.

6. That opinion goes on to state "that, in order to warrant review by the Board, a [CUE] claim ... must be raised with specificity regarding when and how [CUE] occurred." I have no quarrel with such a specificity requirement, but it is surely not precedent for the Court's "persuasive reasons" language in the instant case.

7. *See, e.g., Chisem,* 4 Vet.App. at 177; *Kinnaman,* 4 Vet.App. at 28; *Mata,* 3 Vet.App. at 558–59.

8. *See Newman v. Brown,* 5 Vet.App. 99, 102 (1993) (applying § 5107(a) well-grounded-claim requirement to putative CUE claims); *see also Tirpak v. Derwinski,* 2 Vet.App. 609, 611 (1992) (evidence must justify a reasonable belief that the claim is "plausible"); *Murphy v. Derwinski,* 1 Vet.App. 78, 81 (1990) (well-grounded claim is "a plausible claim, one which is meritorious on its own or capable of substantiation"; "claim need not be conclusive but only possible to satisfy the initial burden of § [5107(a)]").

in original). Rather, the *Russell* Court remanded the matter to the Board for *it* to "determine[ ] whether the error was [CUE] ..., i.e., whether, on the full record before the RO in 1972, the evidence establishes manifestly [the *Russell* opinion standard for the ultimate CUE decision, *not* the threshold for whether a valid CUE claim was raised] that the correction of the error would have changed the outcome—that is, that service connection would have resulted had the [unconsidered evidence] been considered." *Russell*, 3 Vet.App. at 320 (emphasis added).

As to Ms. Collins, the Court inferred a CUE claim from an NOD asking for an effective date of 1978 rather than 1989 for a March 1989 RO decision restoring death pension benefits initially awarded to her in 1968 but discontinued in 1978. *Id.* at 321. The Court then remanded the matter to the Board for it to readjudicate the Court-inferred CUE claim under the *Russell* opinion principles and to provide "reasons or bases", under 38 U.S.C. § 7104(d)(1) (Supp. IV 1993), for its decision. *Id.* at 322. The Court gave no indication in the opinion that Ms. Collins had submitted "persuasive reasons" in 1989 when the Court found she had implicitly raised a CUE claim. Instead, the reasons were provided by the Court:

> It is obvious that, in these circumstances where there was no change in the facts in evidence between 1968, 1978, and 1989, there *may* well have been "clear and unmistakable error" in the 1978 reduction. Appellant raised the issue below in December 1978 and June 1986. It is difficult to see how the RO, in 1978, could have found "administrative error" and then returned to the same result as it had reached in 1968 where there had been no change in the essential facts. *This squarely raises the issue of whether* there was "clear and unmistakable error" under 38 C.F.R. § 3.105(a) in misapplying the regulation on reduction of awards and the consequent question of whether *the outcome would have manifestly changed* had the law been applied correctly.

*Ibid.* (Emphasis added.) The Court thus required the BVA to readjudicate a CUE claim which it had already rejected.

The appellant is thus correct in his contention here that Mr. Russell's and Ms. Collins' claims would not have passed any such specific, persuasive-reasons CUE threshold pleading requirement. Hence, the Court's language in the *Fugo* panel opinion is inconsistent with the very holdings of *Russell/Collins*.

## III. Conclusion

Accordingly, in view of *Porter, McIntosh, Chisem, Kinnaman,* and *Mata,* and the holdings in the *Russell/Collins* cases themselves, if the panel's *Fugo* opinion is intended to establish a new, more restrictive threshold pleading requirement for CUE claims, bringing about such a result is not the province of a panel but should be considered by the Court en banc. *See Bethea v. Derwinski*, 2 Vet.App. 252, 254 (1992) (panel may not issue decision which conflicts materially with earlier panel or en banc opinion).