**Felicitas A. MATA, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 90–1309.

United States Court of Veterans Appeals.

Jan. 17, 1996.

Felicitas A. Mata, pro se.

Mary Lou Keener, General Counsel; Ron Garvin, Assistant General Counsel; Thomas A. McLaughlin, Deputy Assistant General Counsel; and John D. McNamee, Washington, DC, were on the brief for the appellee.

Before KRAMER, HOLDAWAY, and STEINBERG, Judges.

HOLDAWAY, Judge:

The appellant, Felicitas A. Mata, widow of veteran Guillermo Mata, appeals an October 17, 1990, decision of the Board of Veterans' Appeals (Board or BVA) that determined the appellant had not submitted new and material evidence to reopen a March 1989 Board decision that denied recognition of Irwin and Allan as the veteran's adopted children for VA purposes. The Court has jurisdiction over the case pursuant to 38 U.S.C. § 7252(a). For the following reasons, the Court will affirm the BVA's decision.

## I. FACTS

The veteran had served in the U.S. Navy from November 1945 to August 1966 and expired in November 1986 of a service-connected ailment. A July 1987 regional office (RO) decision denied death benefits to Irwin and Allan, the appellant's and Guillermo Mata's purported adopted children, because the decree of adoption did not conform with the Philippine Law on Adoption, Presidential Decree 603 (effective June 30, 1975) and was thus not regular on its face. *See* Record at 2–4. Specifically, the RO found that the adoption decree did not conform with the following requirements of Philippine law:

(1) that all of the adoptive parent's natural children who are 14 years of age or older consent to the adoption,

(2) that the Philippine Department of Social Welfare complete a case study, and

(3) that a period of trial custody be undertaken during the adoption proceedings or that an explanation be provided of why trial custody is not needed.

The appellant appealed to the Board on October 22, 1987. The BVA in March 1989 determined that Irwin and Allan could not be recognized as the veteran's adopted children for VA purposes. The appellant next at-

tempted to reopen the case by presenting some additional evidence to the RO in November 1989. The evidence submitted included:

(1) letters from school authorities certifying that the appellant and veteran had paid for the children's education;

(2) identification cards from the Subic Bay Naval Station which bear the children's names and that of the veteran; and

(3) an affidavit from a neighbor stating that the children had been residing with the veteran and the appellant since 1980.

*Felicitas A. Mata*, BVA 90–005600, at 2 (Oct. 17, 1990). The BVA decided on October 10, 1990, that no new and material evidence was presented to reopen the case. The appellant subsequently appealed to this Court.

The Court in a December 28, 1992, order vacated the BVA's decision and remanded the case for consideration of a claim of clear and unmistakable error (CUE) as to the 1989 BVA decision and expressly retained jurisdiction over the issue of whether new and material evidence had been submitted. *Mata v. Principi*, 3 Vet.App. 558, 559 (1992) (per curiam) (citing *Russell v. Principi*, 3 Vet.App. 310 (1992) (en banc) (claimant may not raise CUE issue for the first time before this Court)). An August 1994 decision by the U.S. Court of Appeals for the Federal Circuit in *Smith (William) v. Brown*, 35 F.3d 1516, 1527 (Fed.Cir.1994), concluded that a collateral attack on a final VA adjudication that is provided for under 38 C.F.R. § 3.105(a) is available only as to an unappealed RO decision. Thus, because the Court's vacatur and remand of the 1990 BVA decision to consider the issue of CUE is rendered moot by the Federal Circuit's *Smith* decision, the Court will now address the question, still pending before the Court by virtue of the prior retention of jurisdiction, whether the additional evidence submitted by the appellant was new and material.

## II. ANALYSIS

 The BVA's March 1989 decision was final and could be reopened only by the presentment or securance of "new and material evidence." *See* 38 U.S.C. §§ 5108, 7104(b); *Stanton v. Brown*, 5 Vet.App. 563, 566 (1993). Whether evidence is "new and material" is a question of law that this Court reviews de novo. *See Masors v. Derwinski*, 2 Vet.App. 181, 185 (1992); *Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991). "'New' evidence is that which is not merely cumulative of other evidence of record." *Cox v. Brown*, 5 Vet.App. 95, 98 (1993). "Material" evidence is relevant to and probative of the issue at hand, and of sufficient weight and significance that it creates a reasonable possibility that the new evidence, when considered in light of all the evidence, would change the outcome. *Ibid.; see Colvin, supra.*

The appellant's evidence is "new" because it is not cumulative of the evidence that was on record during the original BVA decision. Nevertheless, the evidence fails to be "material" because it is not relevant to or probative of whether the adoption decree comported or had to comport with the applicable Philippine law. Specifically, the appellant's additional evidence is not relevant to the question whether the natural children of the appellant who were over 14 years of age consented to the adoption. Similarly, the evidence does not address whether the Philippine Department of Social Welfare conducted a case study prior to the adoption as required by Philippine law. Additionally, the appellant's evidence is also not relevant to the issue of whether a trial custody period was initiated or the reason for the lack of a trial period. Finally, the evidence does not provide any proof that these requirements do not have to be met in order to have a valid adoption under Philippine law. Because the appellant's additional evidence does not address any of these issues, it provides no reasonable possibility, when considered with all the evidence, of changing the outcome of the case. *See Cox and Colvin*, both *supra.*

Parenthetically, this Court does not have jurisdiction over the March 1989 decision because the NOD was filed on October 22, 1987. The Court has jurisdiction to review only those final BVA benefits decisions prior to which an NOD was filed on or after November 18, 1988, as to an underlying decision of an RO or other agency of original jurisdiction. *See* Veterans' Judicial Review Act,

Pub.L. No. 100–687, § 402, 102 Stat. 4105, 4122 (1988) (found at 38 U.S.C. § 7251 note).

## III. CONCLUSION

Accordingly, for the reasons stated above, the October 10, 1990, decision of the BVA is AFFIRMED.